# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JONATHAN HARDAWAY,

    Plaintiff,

v.                                                 Case No. 2:24-cv-2388-MSN-cgc
                                                 JURY DEMAND

WINGMANN, LLC,

    Defendant.

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff seeks a default judgment in this matter for a total of $2,975.90, representing his "actual wage damages, liquidated damages, and pre-judgment interest" for Defendant's violations of the Fair Labor Standards Act ("FLSA"). (ECF No. 10 at PageID 24.) But Plaintiff has not sufficiently explained his calculation of damages, so the Court **DENIES** his Motion for Entry of Default Judgment (ECF No. 10, "Motion") without prejudice.

## BACKGROUND

For approximately five months at the end of 2023 and beginning of 2024, Plaintiff worked as the General Manager of Defendant's restaurant in Memphis, Tennessee. Plaintiff says he regularly worked 45 to 70 hours a week during his employment with Defendant. Defendant had promised to pay Plaintiff a yearly salary of $50,000. But as it turned out, Defendant never paid Plaintiff that salary. The amount Defendant actually paid Plaintiff each week varied greatly. There were several weeks in which Defendant failed to pay Plaintiff anything. But at the other extreme, there was a week in December 2023 in which Defendant paid Plaintiff $1,405.

Plaintiff includes a chart in his Motion and in an affidavit attached to his Motion, showing his calculation of damages. The chart lists each week of Plaintiff's employment, along with the actual pay he received, or if he received no pay, then an imputed minimum wage based on an average 58-hour work week, and finally, the calculation for the overtime premium that he alleges he was never paid.

## **DISCUSSION**

First, Plaintiff did not serve Defendant with the Motion. Pursuant to Federal Rule of Civil Procedure 55, however, service is not required when the party against whom a default judgment is sought has failed to appear in an action and is not a minor or incompetent. *See* Fed. R. Civ. P. 55(b)(2). Defendant is not a minor or incompetent.

Second, the Court "must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). The Complaint alleges that Defendant is registered to do business in Tennessee, but neither the Complaint nor the Motion allege where Defendant was organized, where its headquartered, or the citizenship of its members. So it is not clear whether Defendant is a non-resident.

The Due Process Clause requires that a non-resident defendant have at least "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The jurisdictional limits of Tennessee law and federal due process are identical. *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019); *First Cmty. Bank, N.A. v. First Tenn. Bank, N.A.*, 489 S.W.3d 369, 384 (Tenn. 2015); Tenn. Code Ann. § 20-2-223(a)(6). That means that if Defendant

is a non-resident, the Court need decide only whether exercising personal jurisdiction over Defendant is consistent with federal due process requirements. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

"There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov*, 667 F.3d 705, 712–13 (6th Cir. 2012).

General jurisdiction allows a plaintiff to sue a defendant "on any and all claims," regardless of the connection (or lack thereof) between the claim and the forum. *Maxitrate Tratamento Termico E Controles v. Super Sys., Inc.*, 617 F. App'x 406, 408 (6th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). Specific jurisdiction "exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (quoting *Helicopteros Nacionales de Colombia S.A v. Hall*, 466 U.S. 408, 414–15 & nn. 8–10 (1984)).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks and citations omitted). The Sixth Circuit has established a three-part test for determining whether there is specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016); *Harmer v. Colom*, 650 F. App'x 267, 272 (6th Cir. 2016).

Based on the test above, even if Defendant is a non-resident, this Court has specific personal jurisdiction over Defendant. Defendant operated a restaurant in Memphis, Tennessee, and this matter arises directly out of Defendant's operation of that restaurant.

Third, under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *Ramada Franchise Systems, Inc. v. Borada Enters. LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *see also Hickman v. Burchett*, No. 07–743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) (collecting cases). Once a default has been entered by the clerk, all the plaintiff's well-pleaded allegations are deemed admitted, including jurisdictional allegations. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr. v. U.S. Fidelty and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

After a default is obtained, the proponent may file for default judgment by the clerk or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless

it is necessary to conduct an accounting, determine the amount of monetary damages, establish the truth of any allegation by evidence, or investigate any other matter. *Id; see also Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407, at *8 (W.D. Tenn. Mar. 15, 2011).

Rule 55 does not provide a standard to determine when a party is entitled to a judgment by default, but the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11–10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2685 (3rd ed. 1998). Generally, courts should enter a default judgment if the factual allegations in the complaint are sufficient to support a finding that the defendant is liable for the claims alleged. *Ford Motor Co.*, 441 F. Supp. 2d at 848.

Plaintiff has not shown that entry of default judgment in the requested amount is appropriate here. That is primarily because Plaintiff does not explain what method he used to calculate his damages, nor did he cite any case law showing that the method he used was appropriate based on the facts in this matter. Plaintiff's affidavit alleges he was regularly paid a weekly salary below $684.00, which is the salary threshold for employees who qualify for executive and management exemptions, but his calculations include weeks for which he was paid more than $684.00. There are also several weeks in Plaintiff's calculations, like the week of January 7, 2024, where Plaintiff seems to calculate his overtime premium by using a "regular rate" below the requisite minimum wage. Without more, the Court is not able to calculate Plaintiff's damages.

## **CONCLUSION**

Because the Court is unable to determine the amount of monetary damages, the Court **DENIES** Plaintiff's Motion for Entry of Default Judgment (ECF No. 10, "Motion") without prejudice.

**IT IS SO ORDERED**, this 29th day of April, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE